UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED ASSOCIATION OF JOURNEYMEN )
AND APPRENTICES OF THE PLUMBING )
AND PIPE FITTING INDUSTRY OF THE )
UNITED STATES AND CANADA, AFL-CIO, )
LOCAL 188 PENSION FUND; UNITED )
ASSOCIATION OF JOURNEYMEN AND )
APPRENTICES OF THE PLUMBING AND )
PIPE FITTING INDUSTRY OF THE UNITED )
STATES AND CANADA, AFL-CIO, LOCAL )
188 HEALTH & WELFARE FUND; UNITED )
ASSOCIATION OF JOURNEYMAN AND )
APPRENTICES OF THE PLUMBING AND )
PIPE FITTING INDUSTRY OF THE UNITED )
STATES AND CANADA, AFL-CIO, LOCAL )
188 ANNUITY FUND; UNITED )
ASSOCIATION OF JOURNEYMEN AND )
APPRENTICES OF THE PLUMBING AND )
PIPE FITTING INDUSTRY OF THE UNITED )
STATES AND CANADA, AFL-CIO LOCAL )
188, )
                     )
     **Plaintiffs,** )
                     )
     **v.** ) **CIVIL ACTION NUMBER:**
                     )
**JOHNSON CONTROLS, INC.,** )
                     )
     **Defendant.** )
                     )

## COMPLAINT

     Plaintiffs, United Association of Journeymen and Apprentices of the Plumbing and Pipe

Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Pension Fund ("UA 188

Pension Fund"), United Association of Journeymen and Apprentices of the Plumbing and Pipe

Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Health & Welfare Fund

("UA 188 Health & Welfare Fund"), United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 Annuity Fund ("UA 188 Annuity Fund") and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, Local 188 ("Local 188") through undersigned counsel, assert their Complaint against Defendant, Johnson Controls, Inc., as follows:

## NATURE OF THE CLAIMS

1.      This action is brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction over this complaint is conferred on this Honorable Court by 28 U.S.C. §§ 1331 and 1367; §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132(e) and 1145; and by § 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.      This Court has personal jurisdiction over the Defendant under § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185(a).

4.      Venue is proper in the Southern District of Georgia pursuant to § 502(e) (2) of ERISA, 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b).

## PARTIES

5.      The Pension Fund of the Journeymen and Apprentices of Local Union No. 188 ("Pension Fund") is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of ERISA, as

amended, 29 U.S.C. § 1002(2)(A)(i), established by unions and employers in an industry affecting commerce, whose employees are represented by those labor organizations, for the purpose of providing retirement income to these employees. The Pension Fund is authorized to sue in its own name under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Plan Administrator under ERISA is the Board of Trustees which is domiciled in Savannah, Georgia.

6.      The Journeymen and Apprentices of Local 188 Health and Welfare Plan ("Health and Welfare Plan") is an "employee welfare benefit plan" as defined in § 3(1) of ERISA, as amended, 29 U.S.C. § 1002(1), established by unions and employers in an industry affecting commerce, whose employees are represented by those labor organizations, for the purpose of providing medical benefits to the employees. The Health and Welfare Plan is authorized to sue in its own name under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Plan Administrator under ERISA is the Board of Trustees which is domiciled in Savannah, Georgia.

7.      The Journeymen and Apprentices of Local Union No. 188 Annuity Plan ("Annuity Plan") is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. § 1002(2)(A)(i), established by unions and employers in an industry affecting commerce, whose employees are represented by those labor organizations, for the purpose of providing retirement income to these employees. The Annuity Plan is authorized to sue in its own name under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Plan Administrator under ERISA is the Board of Trustees which is domiciled in Savannah, Georgia.

8.      Local Union No. 188, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada ("Local 188") is a labor organization domiciled in Savannah, Georgia.

3

9.      Defendant, Johnson Controls, Inc. ("Johnson Controls") is a Wisconsin business corporation. It has been at all material times an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. §§ 152(2) and 1002(5). It has at all material times been engaged as a contractor or subcontractor in the construction industry and, as such, has been and continues to be an employer in an "industry affecting commerce" as defined in § 3(12) of ERISA, and 29 U.S.C. § 1002(12). It is domiciled at 5757 N. Green Bay Ave., Milwaukee, Wisconsin 53209. Johnson Controls does business with the Funds that is sufficient to create personal jurisdiction over Johnson Controls in this district and a substantial part of the events or omissions giving rise to the claim occurred from work performed in this district. Johnson Controls may be served by delivering a copy of the summons to its registered agent for service of process, at 201 West Highway 80, Bloomingdale, GA  31302.

10.      Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## RELEVANT FACTUAL BACKGROUND

11.      Johnson Controls is bound by the Working Agreement, a collective bargaining agreement negotiated between the South Georgia Mechanical and Erectors Association and Local Union No. 188, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the US and Canada, attached as Exhibit 1.

12.      The Working Agreement is enforceable by operation of § 301 of the LMRA, 29 U.S.C. § 185.

13.      The Working Agreement obligates Johnson Controls to adopt and abide by the terms and conditions of the Agreement and Declaration of Trusts establishing and maintaining

the Health and Welfare Fund, the Pension Fund, and the Annuity Fund, including the obligation to contribute to the Funds on behalf of and for the benefit of employees covered by the Working Agreement.

14.     The Working Agreement and Declaration of Trusts require Johnson Controls to file monthly remittance reports with Local 188 and the Funds itemizing hours worked by employees in the bargaining unit represented by Local 188 and covered by the Working Agreement and pay fringe benefit contributions on behalf of covered employees to the Funds at the office of the Funds' Third-party Administrative Manager located in Jacksonville, Florida.

15.     The amounts due each Fund with respect to the hours worked by covered employees is determined from the remittance reports.

16.     The Working Agreement obligates Johnson Controls to pay prescribed monthly contributions to the Funds for all hours that employees perform covered employment within the Funds' jurisdiction. The work performed by UA 188 – represented employees was performed in Savannah, Georgia and in the Southern District of Georgia.

17.     An audit for the period of March 1, 2014 through February 29, 2016 was conducted by a Certified Public Accountant on or about February 24, 2017 and revealed delinquencies to the Funds.

## COUNT ONE
## VIOLATION OF ERISA

18.     Based on a payroll audit conducted by the Funds for the period March 1, 2014 through February 29, 2016, Johnson Controls failed to pay amounts due to the Pension Fund under the Working Agreement and Declaration of Trusts for all hours worked, specifically for

travel time and standby time, in at least the sum of $5,361.78 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 2.

19.     Based on a payroll audit conducted by the Funds for the period March 1, 2014 through February 29, 2016, Johnson Controls failed to pay amounts due to the Health and Welfare Fund under the Working Agreement and Declaration of Trusts for all hours worked, specifically for travel time and standby time, in at least the sum of $5,205.10, and failed to pay $480.23 pursuant to a rate increase, in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 3.

20.     Based on a payroll audit conducted by the Funds for the period March 1, 2014 through February 29, 2016, Johnson Controls failed to pay amounts due to the Annuity Fund under the Working Agreement and Declaration of Trusts for all hours worked, specifically for travel time and standby time, in at least the sum of $1,070.36 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

21.     Johnson Controls disputes that it owes contributions for "standby time" and "travel time," claiming that per the Working Agreement Johnson Controls is only obligated to pay contributions on "hours worked" and taking the position that standby time and travel time do not constitute hours worked.

22.     Department of Labor ("DOL") regulations, 29 C.F.R. §785.38 and 29 C.F.R. §785.39, explicitly state that travel time must be counted as hours worked, regardless of contract, custom, or practice.

23.     DOL regulation, 29 C.F.R. §785.17 provides that "on-call" time (or standby time) constitutes hours worked where the employee "cannot use the time effectively for his own

6

purposes."

24.     The Payroll Audit indicates that the total amount of unpaid contributions due and owing collectively to the Funds is $12,117.47. Of this amount, $962.39 is due for travel time and $10,674.75 is due for standby time. The remaining $480.23 is due to the Health and Welfare Fund for failure to observe a rate increase.

25.     Johnson Controls is further obligated to the Plaintiff Funds for continuing interest on delinquent contributions; liquidated damages, as established by the Working Agreement and Declaration of Trusts, which are binding on Johnson Controls; and the cost of the Fund's payroll audit.

26.     The ERISA Funds are adversely affected and damaged by Johnson Control's violation of 29 U.S.C. § 1145.

## COUNT TWO
## INJUNCTIVE RELIEF

27.     Johnson Controls' failure to timely make such payments in compliance with the Working Agreement has reduced the corpus of the Funds and operating ability of Local 188, thereby impairing their ability to pay or provide benefits to members and beneficiaries, thus causing harm to all Funds and to Local 188.

28.     Johnson Controls' obligations pursuant to the Working Agreement are continuing obligations, and it continues to breach said Agreement by failing and refusing to pay monies due thereunder to the Funds and Local 188.

29.     At the request of Johnson Controls, Plaintiffs provided a position statement on or about April 13, 2018 setting forth the obligation to pay contributions for "standby time" and "travel time." Johnson Controls has not responded to the Plaintiffs' statement, and thus Plaintiffs

are informed and believe, and therefore allege, that Defendants will continue to willfully refuse to make said payments unless ordered by this Court to comply.

30.     Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Working Agreement, and the governing documents of the Funds, and are restrained from continuing to refuse to perform as required thereunder.

31.     A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U. S.C. § 1132(h).

WHEREFORE, the Plaintiffs pray that this Court deem the complaint sufficient and, after a trial on the merits, find for the Plaintiffs, granting the following relief:

(a)     All unpaid contributions owed to the Plaintiff Funds;

(b)     Interest on all unpaid contributions and assessments at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment;

(c)     Liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute;

(d)     Preliminary injunction;

(e)     The cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2)

(g)     Any and all legal or equitable relief that this Court deems appropriate.

Respectfully submitted,


*/s/ Tessa A. Warren, Esq.*
Tessa A. Warren (GA Bar No. 435157)
**QUINN, CONNOR, WEAVER, DAVIES
& ROUCO LLP**
3516 Covington Highway
Decatur, GA 30032
Telephone: (404) 299-1211
Email: twarren@qcwdr.com

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI**
Louis L. Robein (LA Bar No. 11307)
Laura Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, LA  70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: lrobein@ruspclaw.com

Counsel for Plaintiffs

**SERVICE:**
*Via Notice of Lawsuit and Request for Waiver of Service of Summons:*
Johnson Controls, Inc.
Through its Counsel of Record,
C T Corporation System
301 S. Bedford St. Suite 1
Madison, WI 53703

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.§1132(h) this 31st day of July 2018 on the following:

Steven Mnuchin
Secretary of the Treasury
15th and Pennsylvania Avenue, N.W.
Washington, DC  20220

R. Alexander Acosta
Secretary of Labor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC  20002


_/s/Tessa A. Warren, Esq._
Tessa A. Warren (GA Bar No. 35157)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP**
3516 Covington Highway
Decatur, GA 30032
Telephone: (404) 299-1211
Email: twarren@qcwdr.com


**ROBEIN, URANN, SPENCER, PICARD & CANGEMI**
Louis L. Robein (LA Bar No. 11307)
Laura Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, LA  70002
Telephone: (504) 885-9994
Facsimile:  (504) 885-9969
Email: lrobein@ruspclaw.com

Counsel for Plaintiffs