IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 PENSION FUND; UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 HEALTH & WELFARE FUND; UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, LOCAL 188 ANNUITY FUND; UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO LOCAL188, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:18-cv-182 |
| v. | |
| JOHNSON CONTROLS, INC., | |
| Defendant. | |

**O R D E R**

Plaintiffs filed this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132 and § 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to recover unpaid benefit contributions, penalties and interest, and attorneys' fees from Defendant Johnson

Controls, Inc.[1] (Doc. 1.)  Presently before the Court is Defendant's Motion for Summary Judgment.[2] (Doc. 26.)  However, prior to addressing that Motion, the Court must satisfy itself that it has jurisdiction to hear this matter.  For the reasons stated herein, the Court **ORDERS** the parties to file supplemental briefs addressing the issues outlined below within **twenty-one (21) days** of this Order and further **ORDERS** that all deadlines and proceedings in this case are **STAYED** until further order of the Court.

## DISCUSSION

### I. Factual and Procedural Background

Plaintiffs are the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Local 188 ("UA Local 188"), a Savannah-based labor organization, and three employee benefit and pension plans: 1) the UA Local 188 Pension Fund; 2) the UA Local 188 Health & Welfare Fund; and 3) the UA Local 188 Annuity Fund (collectively, the "Funds").  (Doc. 1.)  The Funds were established in a collective bargaining agreement known as the "Working Agreement."  (See doc. 29-1, pp. 4–5.)  Defendant Johnson Controls, Inc., was a signatory to the "National Agreement," a separate collective bargaining agreement that required Defendant to contribute to the Funds on behalf of its employees "in accordance with" the Working Agreement.  (Doc. 1, pp. 2–3; doc. 27-2, p. 10.)  In 2017, a certified public accountant conducted audits of Defendant's contributions to the Funds for the period of March 1, 2014, through February 29, 2016.  (Doc. 29-1, pp. 8–10; doc. 1, p. 5.)  The

---

[1] Courts often refer to the internal statutory designations of ERISA rather than the sections at which the statutes are codified.  For ease of reference, the Court will hereinafter refer to 29 U.S.C. § 1132 as "Section 502," and 29 U.S.C. § 1145 as "Section 515."

[2] The summary judgment motion has been fully briefed; after Defendant filed its Motion, (doc. 26), and a Statement of Material Facts, (doc. 27), Plaintiff filed a Response, (doc. 29), and Defendant filed a Reply, (doc. 31).

auditor determined that Defendant did not contribute to each of the Funds for 75.75 hours of "travel time" and 855 hours of "standby time," and these deficiencies were relayed to Defendant. (Doc. 29-1, pp. 8–10.) Defendant, however, indicated that under its interpretation of the National and Working Agreements, it was not required to pay contributions for standby or travel time because such hours were not hours "actually worked." (Id.)

Plaintiff subsequently initiated this action on July 31, 2018, to collect what they perceive to be delinquent funds. (Doc. 1.) Plaintiffs assert two counts against Defendant: a violation of Section 515 of ERISA (Count I); and a request for injunctive relief (Count II). (Id.) In Count I, Plaintiffs allege that both the Working Agreement and federal regulations require Defendant to remit contributions for standby and travel time. (Id. at pp. 5–6.) Plaintiffs contend that Defendant's failure to do so amounts to a violation of Section 515 and has "adversely affected" the Funds. (Id. at pp. 4–7.) In Count II, Plaintiffs allege that "Defendant will continue to willfully refuse to [pay] . . . unless Defendant is ordered specifically to perform all obligations required . . . under ERISA, the LMRA, the Working Agreement, and the governing documents of the Funds, and are restrained from continuing to refuse to perform as required thereunder." (Id. at pp. 7–8 (internal citations omitted).) Accordingly, Plaintiffs seek all unpaid contributions and interest, liquidated damages, an injunction, and attorneys' fees and costs. (Id. at p. 8.)

In its Motion for Summary Judgment, Defendant argues that, under Section 515 of ERISA, it is only obligated to contribute to the Funds per the terms of the Working and National Agreements. (Doc. 26, p. 3.) Defendant contends it is entitled to judgment in its favor because these agreements do not require "contributions to the Funds for travel time and standby time." (Id. at pp. 2–3.) Defendant does not address Plaintiffs' claim for injunctive relief. (See id. at pp. 1–13.) In their Response, Plaintiffs argue that summary judgment is improper because material

3

issues of fact exist as to the correct interpretation of the Working and National Agreements. (See doc. 29.) Following review of the filings in this case and the applicable statutory schemes, the Court finds that supplemental briefing is necessary to address several related, but legally distinct, issues.

**II.    Jurisdictional Concerns**

First, the Court *sua sponte* raises the issue of subject matter jurisdiction. See Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (noting that federal courts are courts of limited jurisdiction and "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."). As noted above, it appears that Defendant only moves for summary judgment as to Plaintiffs' ERISA claim. (Doc. 26.) Plaintiffs cite Section 502(e) of ERISA as the jurisdictional basis for that claim. (Doc. 1, p. 2.) Section 502(e) provides, in relevant part, that federal courts have "jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, [or] fiduciary."[3] 29 U.S.C. § 1132(e)(1); see Sec'y, United States DOL v. Preston, 873 F.3d 877, 882 (11th Cir. 2017) ("Congress housed the 'Jurisdiction' provisions, which delineate state and federal courts' subject matter jurisdiction over ERISA claims, in [Section 502(e)] . . . ."). Indeed, it is well-established that "[t]he express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 21 (1983). Here, Plaintiffs are not—and do not purport to be—participants, beneficiaries, or fiduciaries under Section 502(e); rather, it is undisputed that Local

---

[3] Section 502(e) also provides jurisdiction over claims brought by "the Secretary" and "any person referred to in [Section 1021(f)(1)]." 29 U.S.C. § 1132(e)(1) (citing 29 U.S.C. § 1021(f)(1)). While no Plaintiff purports to qualify as "the Secretary," Local UA 188 is a labor organization—a classification mentioned within the text of Section 1021(f)(1). However, Section 502(e) only grants jurisdiction over claims brought by "*person[s]*" referenced in Section 1021(f)(1), and Plaintiffs have not alleged—or referenced—any facts or statutory provisions indicating that a labor organization qualifies as a "person" under ERISA. Accordingly, should they wish to rely on Section 1021(f)(1) as a basis for subject matter jurisdiction, Plaintiffs are to make this showing in their supplemental brief.

4

UA 188 is a labor organization and the Funds are employee benefit plans subject to ERISA.  (See doc. 1.)  Thus, it is not clear that Plaintiffs' claims are "brought by" any of the classifications specified within ERISA's jurisdictional statute.  29 U.S.C. § 1132(e)(1).  However, "[t]he Supreme Court has repeatedly instructed that [courts] must avoid conflating the question of whether [they] have subject matter jurisdiction to consider a claim with the determination of whether the plaintiff has stated a valid claim for relief."  Smith v. Reg'l Transit Auth., 756 F.3d 340, 344 (5th Cir. 2014).  "Certain statutes confer subject-matter jurisdiction only for actions brought by specific plaintiffs, or for claims against particular defendants, or for actions in which the amount in controversy exceeds, or falls below a stated amount."  Arbaugh v. Y & H Corp.,  546 U.S. 500, 515 n.11 (2006) (citations omitted).  "But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  Id. at 516.  This delineation "can be confusing in practice.  Courts . . . sometimes mischaracterize[] claim-processing rules or elements of a cause of action as jurisdictional limitations, particularly when that characterization [is] not central to the case."  Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 161 (2010).

In regard to ERISA and Section 502(e), the distinction between whether a plaintiff's classification as a participant, beneficiary, or fiduciary is a "jurisdictional condition[]" or a "nonjurisdictional limitation[]" seems to hinge on the allegations in the plaintiff's complaint.  See id. Subject matter jurisdiction is not implicated where a plaintiff asserts "a colorable claim that he or she is a participant, [beneficiary, or fiduciary]" but the parties dispute his or her status as such. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 971–78 (9th Cir. 2012) (finding that a "challenge to [the plaintiff]'s status as a plan participant" under ERISA went to the "substantive adequacy" of plaintiff's claim, not subject matter jurisdiction); see also Lanfear v.

Home Depot, Inc., 536 F.3d 1217, 1222 (11th Cir. 2008) ("The former employees plausibly argue that they are participants entitled to sue for breach of fiduciary duty.  Because the former employees' argument for participant status is plausible, the district court had subject-matter jurisdiction."); Blue Cross & Blue Shield v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (question of whether a plaintiff was a fiduciary entitled to bring an ERISA claim involved merits of case, not subject matter jurisdiction, because plaintiff plausibly alleged fiduciary status).

However, while the foregoing case law indicates that a district court has subject matter jurisdiction over an ERISA claim where a plaintiff plausibly alleges that he is a participant, beneficiary, or fiduciary under Section 502, the law is not clear as to the jurisdictional status of an ERISA claim where, as here, the Complaint is devoid of *any* allegations to that effect.  Neither the Eleventh Circuit Court of Appeals nor the United States Supreme Court has directly addressed whether such an omission deprives a federal court of subject matter jurisdiction.  However, the Ninth Circuit has implied as much, stating that "the only limitation to invoking federal court jurisdiction under [Section 502] . . . relates to the categories of individuals entitled to initiate a civil action in . . . federal court."  Leeson, 671 F.3d at 978.  District courts in other circuits have made similar indications.  See Dist. Council 1707 Local 389 Home Care Empls.' Pension & Health & Welfare Funds v. Strayhorn, No. 11 CIV. 7911(PAC), 2013 WL 1223362, at *6 (S.D.N.Y. Mar. 25, 2013) ("Section [502](e)(1) of ERISA is 'an exclusive jurisdictional grant' to the plaintiffs named in Section [502](a), and the Court lacks jurisdiction over claims brought by other, non-enumerated plaintiffs."); Minn. Laborers Health & Welfare Fund v. Greenworks, Inc., No. CIV.03-888(PAM/RLE), 2003 WL 21488149, at *2 (D. Minn. June 20, 2003) (citing 29 U.S.C. § 1132(e)(1)) ("The language of ERISA is clear: this Court has jurisdiction only over lawsuits brought by participants in, fiduciaries for, or beneficiaries of ERISA plans.  Plaintiffs here are none

6

of those things. Therefore, the Court lacks subject matter jurisdiction and the case must be dismissed.").

Because "a court cannot rule on the merits [of a claim] without jurisdiction," Gresham Park Cmty. Org. v. Howell, 652 F.2d 1227, 1235 (5th Cir. 1981),[4] supplemental briefing is necessary on the topic of whether, in light of Plaintiffs' failure to allege (much less demonstrate) that they fall within the purview of Section 502(e), this Court lacks subject matter jurisdiction over this case. See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that "parties cannot stipulate to jurisdiction where none exists"); Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (jurisdictional facts "must be affirmatively alleged in the complaint").

## III.   Additional Concerns

Even assuming the Court has jurisdiction, however, another question remains as to whether Plaintiffs have "a [valid] cause of action under [ERISA]." Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 (2014).[5] This inquiry asks whether the text of a statute—here, ERISA—"grants [a] plaintiff the cause of action that he asserts." Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc., 920 F.3d 704, 708 (11th Cir. 2019) (citation and internal quotation marks omitted). Section 502(a) of ERISA provides that "[a] civil action may be brought

---

[4] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] While courts often embark on this inquiry under the doctrinal label of "statutory standing," the Supreme Court has made clear that this classification is "misleading." Lexmark Int'l, 572 U.S. at 128 n.4. Instead, the proper inquiry is whether a plaintiff "has a cause of action under the statute," id. at 128, which is "a straightforward question of statutory interpretation," id. at 129. Indeed, the inquiry isn't a matter of standing at all, as "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." Id. at 128 n.4 (quoting Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 642–643 (2002)). Accordingly, for the sake of clarity, the Court will omit any references to "standing" in its discussion.

by . . . *a participant, beneficiary,* or *fiduciary* . . . to enforce any provisions of this title or the terms of [a] plan." 29 U.S.C. § 1132(a)(3) (emphasis added).  Here, Plaintiffs seek to enforce the terms of the Agreements through Section 515,[6] and—notwithstanding the specific delineation of the appropriate types of plaintiffs provided in Section 502(a)—they contend that the Funds are "authorized to [do so] in [their] own name[s]" pursuant to Section 502(d)(1).  (Doc. 1, pp. 3–4 (citing 29 U.S.C. § 1132(d)(1)).)  Section 502(d)(1), in turn, provides that "[a]n employee benefit plan may sue or be sued under this title as an *entity*." 29 U.S.C. § 1132(d)(1) (emphasis added).

However, circuit courts of appeal are split as to whether employee benefit plans may rely on Section 502(d) to assert claims under ERISA, and therefore, whether they are proper plaintiffs in such suits.[7]  The Sixth and Seventh Circuits, like Plaintiffs, rely on 502(d)(1) in finding that plans can sue under ERISA.  See Line Const. Ben. Fund v. Allied Elec. Contractors, Inc., 591 F.3d 576, 579–80 (7th Cir. 2010); Saramar Aluminum Co. v. Pension Plan for Empls. of the Aluminum Indus. & Allied Indus., 782 F.2d 577, 581–83 (6th Cir. 1986).  Specifically, because benefit and pension funds can "sue and be sued" under Section 502(d)(1) and because plans necessarily act through their administrators or trustees, these circuits have held that plans are entitled to sue as fiduciaries under Section 502(a) and Section 502(e).  See Line Const., 591 F.3d at 579–80 (holding that a plan acts through "administrators who act on its behalf—in other words, by the fiduciaries who exercise discretionary authority . . . [over] the management of a plan . . . . Congress has provided that plans can sue and be sued, and that fiduciaries may enforce substantive

---

[6] Section 515 provides a cause of action to enforce delinquent contributions and states that employers "obligated to make contributions to a multiemployer plan under the terms of [a] plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 USCS § 1145

[7] For an in-depth summary and critique of the issue as it stood in 2009, see Kate McDonald, *Circuit Split over ERISA Standing Remains, Despite Clear Statutory Provisions*, 63 THE TAX LAWYER 249 (2009).

rights."); Saramar Aluminum Co., 782 F.2d at 581–83 (allowing a pension plan to bring a counterclaim because the plan, through its administrators, was a fiduciary for the purposes of Section 502(e)).

The Second, Third, and Ninth Circuits, however, employ strict constructions of the statute and have ruled that plans cannot sue as participants, beneficiaries, or fiduciaries, regardless of whether they can sue or be sued as "entities" pursuant to subsection (d). See Nat'l Health Plan Corp. v. Teamsters Local 469, 585 F. App'x 832, 835 (3d Cir. 2014) ("[W]e agree with . . . the Second Circuit that '[s]ubsection (d)(1) only establishes the right of employee benefit plans created by ERISA to sue and be sued like corporations and other legal entities'; it does not provide an independent right of action under ERISA.") (quoting Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co., 700 F.2d 889, 893 (2d Cir. 1983)); Local 159 v. Nor–Cal Plumbing, Inc., 185 F.3d 978, 983 (9th Cir. 1999) (reaffirming previous holdings that "an ERISA plan itself [cannot] sue under [Section] 502(a) of ERISA because it is not a plan participant, beneficiary or fiduciary"); Metal Lathers Local 46 Pension Fund v. River Ave. Contr. Corp., 954 F. Supp. 2d 250, 255 (S.D.N.Y. 2013) ("Here, plaintiffs are the employment benefit plans, not one of the enumerated plaintiffs [permitted] to sue under ERISA, and so their ERISA claims must be dismissed."). While the Eleventh Circuit has not explicitly ruled on the issue, it has stated that Section 502(a) "sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue." Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1524 (11th Cir. 1987); see also Henderson v. Emory Univ., No. 1:16-CV-2920-CAP, 2018 WL 6332343, at *2 (N.D. Ga. Sept. 13, 2018) (party may properly assert ERISA claim "by being a plan participant, beneficiary, fiduciary or the Secretary of Labor"). Thus, it is not clear whether the Funds can assert their ERISA claim.

This lack of clarity extends to Local UA 188; courts have similarly held that unions cannot assert ERISA claims as participants, beneficiaries, or fiduciaries. See, e.g., New Jersey State AFL-CIO v. State of N.J., 747 F.2d 891, 893 (3d Cir. 1984) ("It is clear from the statute that labor unions are neither participants nor beneficiaries, and consequently plaintiff does not fall within this provision."). However, the Eleventh Circuit has indicated its willingness to allow a union to sue under ERISA on behalf of its members where "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1354 (11th Cir. 2009); see also S. Ill. Carpenters Welfare Fund v. Carpenters Welfare Fund of Ill., 326 F.3d 919, 922 (7th Cir. 2003) ("[W]e do not think that by confining the right to sue under section [502](a)(1) to plan participants and beneficiaries Congress intended to prevent unions from suing on behalf of participants."). Be that as it may, Plaintiffs' Complaint does not contain any facts or allegations indicating their intent to rely this theory—nor does it indicate whether Local UA 188 seeks to recover under ERISA in the first instance. (See doc. 1.)

Finally, Defendant's Motion for Summary Judgment and the parties' subsequent briefs only address Plaintiffs' ERISA claim (Count I); while Plaintiffs assert a claim for injunctive relief and cite the LMRA, it is not clear whether they intend to pursue these theories of recovery. (See docs. 1, 26, 29, 31.)

Accordingly, in light of the above-outlined concerns, the Court requires additional information before ruling on Defendant's Motion. The Court hereby **ORDERS** the parties to file supplemental briefs that conform to the following specifications and the Court's Local Rules. Within **twenty-one (21) days** of this Order, Plaintiffs and Defendant shall each file a brief

addressing the matters raised herein including: (1) whether the Court has subject matter jurisdiction to rule on Defendant's Motion; (2) whether Plaintiffs may assert their ERISA claim; and (3) the appropriate course of action to remedy any jurisdictional or pleading defects. Plaintiffs must also specify which of them is asserting which claims, whether they intend to pursue their claim for injunctive relief, and what claims, if any, they assert under the LMRA. Finally, the Court **ORDERS** that all deadlines and proceedings in this case are **STAYED** until further order of the Court.

    **SO ORDERED**, this 22nd day of September, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA